# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                 Case No. 07-20100-04-JWL
                                         13-2430-JWL

Mario Castillo,

        Defendant.

## <u>MEMORANDUM & ORDER</u>

In May 2012, defendant Mario Castillo, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), entered a plea of guilty to conspiracy to distribute and possess with intent to distribute 1000 kilograms or more of marijuana and 5 kilograms or more of cocaine. The plea agreement requested that the court impose a sentence of 210 months' imprisonment followed by 10 years of supervised release. In September 2012, the court accepted the Rule 11(c)(1)(C) plea agreement and sentenced Mr. Castillo to 210 months' imprisonment with 10 years of supervised release. Mr. Castillo did not file a direct appeal. This matter is presently before the court on Mr. Castillo's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. As will be explained, the motion is denied.

In his motion, Mr. Castillo sets forth three claims for relief. His first claim concerns the fact that the presentence investigation report (PSR) prepared by the probation officer calculated Mr. Castillo's base offense level as 36 based on the recommendation that Mr. Castillo be held accountable for at least 50 kilograms but less than 150 kilograms of cocaine. According to Mr. Castillo, his counsel was ineffective for purposes of the Sixth Amendment because he failed to

object to that base offense level and failed to inform the court that Mr. Castillo had never agreed to those drug quantities or even discussed those quantities with the government during plea negotiations—rather, he believed that he was accountable only for the 5 kilograms charged in the Indictment. In his second claim, Mr. Castillo contends that the government breached the plea agreement by submitting a plea agreement that recommended a sentence that was 90 months longer than the sentence to which the parties agreed; Mr. Castillo contends that the parties agreed to the ten-year mandatory minimum sentence. Finally, Mr. Castillo, relying on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), asserts that his Sixth Amendment right to have a jury determine issues regarding his sentence was violated because the court impermissibly found facts relating to the drug amount attributable to him (the "relevant conduct" amounts identified in the PSR) rather than submitting that issue to the jury.

Mr. Castillo's ineffective assistance claim necessarily fails because Mr. Castillo pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement that expressly disavowed any reliance on or relation to the sentencing guidelines. *See* Plea Agreement ¶ 4. Moreover, in light of the court's intimate familiarity with this case, the court accepted both Mr. Castillo's plea of guilty and the Rule 11(c)(1)(C) plea agreement before the PSR was even prepared. After accepting the plea agreement, the court ordered the probation office to prepare a PSR solely for the benefit of the Bureau of Prisons and for no other purpose. For these reasons, the base offense level recommended by probation in the PSR had absolutely no bearing on Mr. Castillo's sentence. Trial counsel's failure to object to the PSR, then, caused no prejudice to Mr. Castillo and, indeed, the court did not anticipate any objections to the PSR in light of the procedural posture of the case.

The court also rejects Mr. Castillo's argument that the parties agreed to a ten-year sentence. To begin, Mr. Castillo sets forth no evidence supporting that contention. While his motion is verified, this specific argument appears only in the memorandum in support of the motion and that document is not verified. Moreover, Mr. Castillo's plea agreement, in paragraph 14 entitled "No Other Agreements," expressly confirms that the plea agreement "embodies each and every term of the agreement between the parties" and that the agreement supersedes any and all other agreements or negotiations between the parties. Mr. Castillo signed that plea agreement and, in doing so, confirmed that the written agreement, including the agreed upon sentence of 210 months, embodied the parties' understanding. And during the plea colloquy, Mr. Castillo confirmed under oath that he wanted to plead guilty pursuant to the Rule 11(c)(1)(C) plea agreement. There is simply no indication in the record that the government ever promised or even suggested a ten-year sentence and no indication that Mr. Castillo did not fully understand that he was agreeing to a 210-month sentence. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

Finally, the court denies Mr. Castillo's argument that *Alleyne* entitles him to relief. Even assuming the court found facts concerning the quantity of drugs attributable to Mr. Castillo, which it did not, *Alleyne* does not apply retroactively to cases on collateral review. *In re Payne*, ___ F.3d ___, 2013 WL 5200425, at *1-2 (10th Cir. Sept. 17, 2013).

The court, then, denies Mr. Castillo's motion and declines to issue a certificate of appealability because, with respect to Mr. Castillo's constitutional claims, no reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong and, with respect to Mr. Castillo's non-constitutional claims, the court lacks the authority to grant a certificate of appealability. *United States v. Trinkle*, 2013 WL 363480, at *1 (10th Cir. Jan. 31, 2013).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Castillo's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (doc. 273) is denied. The court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 7th day of November, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

4