# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff/Respondent,**

v.                                    Case No. 07-20100-04-JWL

**Mario Castillo,**

      **Defendant/Petitioner.**

## **MEMORANDUM & ORDER**

In August 2007, defendant Mario Castillo was charged with conspiracy to distribute and possess with intent to distribute more than 1000 kilograms or more of marijuana and 5 kilograms or more of cocaine. He was arrested in October 2011 and in May 2012 he entered into a written Rule 11(c)(1)(C) plea agreement as to the conspiracy charge in which the parties agreed to a term of 210 months imprisonment and ten years of supervised release. A presentence investigation report was prepared and calculated Mr. Castillos' base offense level at 36, with a three-level reduction for acceptance of responsibility and a three-level increase for role in the offense, resulting in a total offense level of 36. Mr. Castillo's criminal history category was III, resulting in a guidelines range of 235 to 293 months. On September 10, 2012, the court imposed a sentence of the agreed-upon 210 months to be followed by 10 years of supervised release. Mr. Castillo has now filed a motion pursuant to 18 U.S.C. § 3582(c) to modify his sentence pursuant to Amendment 782. As will be explained, the motion is dismissed because the court lacks jurisdiction to reduce Mr. Castillo's sentence under these circumstances.

Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed. *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Under limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c). That provision states that "a defendant who has been sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added).

It is clear that Amendment 782 does not lower Mr. Castillo's applicable guidelines range because his sentence was not based on the sentencing guidelines but was based instead on an agreed-upon sentence in an 11(c)(1)(C) plea agreement. In the context of a Rule 11(c)(1)(C) plea agreement, a sentence is deemed "based on" a guidelines range for purposes of § 3582(c)(2) relief only when the guidelines range is evident from the agreement itself. *Freeman v. United States*, 131 S. Ct. 2685, 2697 (2011); *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (Justice Sotomayor's concurrence "represents the Court's holding"). Under *Freeman*, then, Mr. Castillo is not entitled to relief because no specific guideline range is evident from the parties' Rule 11(c)(1)(C) plea agreement. In fact, the parties expressly state in the agreement that they are not requesting a guideline sentence.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Castillo's motion to reduce sentence (doc. 300) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 13th day of July, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
