IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff/Respondent,**

v.                                             Case No. 07-20100-04-JWL

**Mario Castillo,**

      **Defendant/Petitioner.**

**MEMORANDUM & ORDER**

In August 2007, defendant Mario Castillo was charged with conspiracy to distribute and possess with intent to distribute more than 1000 kilograms or more of marijuana and 5 kilograms or more of cocaine. In May 2012, Mr. Castillo entered into a written Rule 11(c)(1)(C) plea agreement as to the conspiracy charge in which the parties agreed to a term of 210 months imprisonment. On September 10, 2012, the court imposed a sentence of the agreed-upon 210 months. Recently, Mr. Castillo filed a motion pursuant to 18 U.S.C. § 3582(c) to modify his sentence pursuant to Amendment 782. The court dismissed that motion for lack of jurisdiction, finding that a reduction was not authorized because Mr. Castillo's sentence was based not on the guidelines but on an agreed-upon sentence in the Rule 11(c)(1)(C) plea agreement.

Mr. Castillo now seeks reconsideration of the court's order. That motion is denied. Mr. Castillo urges that the court does have "authority" to grant the reduction, suggesting some confusion about the court's determination that it "lacks jurisdiction" over the motion or was not "authorized" to reduce the sentence. Any confusion on Mr. Castillo's part is understandable.

When the court dismissed the motion for "lack of jurisdiction," it was using a term of art or a legal expression that simply means that the specific statute that authorizes sentence reductions in limited circumstances does not permit the court to reduce Mr. Castillo's sentence (for the reasons stated previously) such that the court lacks the power or the authority to reduce his sentence.  That being said, there is no substantive basis to reconsider Mr. Castillo's motion.  In the plea agreement executed by Mr. Castillo, the parties disavowed any reliance on the Guidelines in coming up with the 210-month sentence such that Mr. Castillo's sentence was not "based on" the sentencing guidelines.  A reduction is authorized only if the sentence is "based on" guidelines that have subsequently been lowered.

For the foregoing reasons, Mr. Castillo's motion for reconsideration is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Castillo's motion to reconsider (doc. 304) is denied.

**IT IS SO ORDERED.**

Dated this 4th  day of August, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
