IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff/Respondent,**

**v.**                                                                  **Case No. 07-20100-04-JWL**

**Mario Castillo,**

      **Defendant/Petitioner.**

## MEMORANDUM & ORDER

In August 2007, defendant Mario Castillo was charged with conspiracy to distribute and possess with intent to distribute more than 1000 kilograms or more of marijuana and 5 kilograms or more of cocaine. He was arrested in October 2011 and in May 2012 he entered into a written Rule 11(c)(1)(C) plea agreement as to the conspiracy charge in which the parties agreed to a term of 210 months imprisonment and ten years of supervised release. A presentence investigation report was prepared and calculated Mr. Castillos' base offense level at 36, with a three-level reduction for acceptance of responsibility and a three-level increase for role in the offense, resulting in a total offense level of 36. Mr. Castillo's criminal history category was III, resulting in a guidelines range of 235 to 293 months. On September 10, 2012, the court imposed a sentence of the agreed-upon 210 months to be followed by 10 years of supervised release.

In July 2015, Mr. Castillo filed a motion pursuant to 18 U.S.C. § 3582(c) to modify his sentence pursuant to Amendment 782. The court dismissed that motion for lack of jurisdiction. Specifically, the court held that Amendment 782 did not lower Mr. Castillo's applicable

guideline range because his sentence was not based on the sentencing guidelines but was based instead on an agreed-upon sentence in an 11(c)(1)(C) plea agreement. Mr. Castillo then filed a motion for reconsideration and the court denied that motion.

This matter is now before the court on Mr. Castillo's motion for resentencing pursuant to Amendments 782 and his request for a minor role reduction pursuant to Amendment 794. For reasons previously explained, the court lacks jurisdiction to reduce Mr. Castillo's sentence pursuant to Amendment 782.[1] Mr. Castillo also contends that he should be awarded a "minor or minimal role" reduction pursuant to Amendment 794, which amended the commentary to § 3B1.2 to specify that only an internal comparison is permitted when considering a minor role adjustment. In support of his argument that the court should apply that amendment at this juncture, Mr. Castillo directs the court to *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016). But that case held only that Amendment 794 is retroactive to cases on direct appeal. No court has held that Amendment 794 is retroactive to cases on collateral review. Moreover, the Tenth Circuit has rejected the argument that Amendment 794 applies retroactively on direct appeal, *see United States v. Moreno*, 696 Fed. Appx. 886, 889-90 (10th Cir. June 20, 2017). The court, then, rejects any suggestion that the amendment applies retroactively on collateral review.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Castillo's motion to reduce sentence (doc. 315) is dismissed for lack of jurisdiction.

---

[1] Mr. Castillo also references Amendment 788 in his motion, but that Amendment simply explains that Amendment 782 may be applied retroactively. It does not provide a substantive basis for reducing Mr. Castillo's sentence.

**IT IS SO ORDERED.**

Dated this 13th day of December, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
