IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-20100-04-JWL |
| ) | |
| MARIO CASTILLO, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

In May 2012, defendant Mario Castillo, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), entered a plea of guilty to conspiracy to distribute and possess with intent to distribute 1000 kilograms or more of marijuana and 5 kilograms or more of cocaine. The plea agreement requested that the court impose a sentence of 210 months imprisonment followed by 10 years of supervised release. In September 2012, the court accepted the Rule 11(c)(1)(C) plea agreement and sentenced Mr. Castillo to 210 months imprisonment with 10 years of supervised release. In July 2018, the court reduced Mr. Castillo's sentence to 188 months after a reduction of the applicable offense level.

Mr. Castillo is presently incarcerated at FCI Forrest City Low and his anticipated release date is February 8, 2025. This matter is presently before the court on Mr. Castillo's motion for compassionate release (doc. #326) pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is denied.

A defendant may file a motion for reduction of a term of imprisonment after the defendant has fully exhausted all administrative remedies. 18 U.S.C. § 3582(c)(1)(A). In his initial motion, Mr. Castillo asserts that he submitted a request for compassionate release in July 2020 and never received a response such that the court may exercise jurisdiction over the motion. *See United States v. Springer*, 820 Fed. Appx. 788 (10th Cir. July 15, 2020) (defendant must give BOP thirty days to response to request for compassionate release before filing motion in court). The government argues that the court lacks jurisdiction over the motion because while Mr. Castillo sought compassionate release based generally on COVID-19, he never specifically mentioned obesity or, in fact, any medical condition at all in his request to the BOP. In reply, Mr. Castillo avers that he submitted a second request to the BOP on August 17, 2020 that specifically sought release due to his obesity and that he received no response. The court, then, exercises jurisdiction over the motion and proceeds to the merits.

The moving defendant bears the burden of establishing that "compassionate release" is warranted under § 3582(c)(1)(A), and a court exercises its discretion in ruling on such a motion. *See United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. May 29, 2020) (Lungstrum, J.) (citing cases).

Section 3582(c)(1)(A) provides that a court may reduce a sentence if it finds, after considering applicable factors from § 3553(a), that (a) extraordinary and compelling reasons warrant the reduction and (b) the reduction is consistent with the applicable policy statement issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A). To address this statutory provision, the Sentencing Commission promulgated the policy

2

statement found at U.S.S.G. § 1B1.13, which adds the requirement that the defendant not be a danger to the safety of another person or the community. *See id*. In addition, in Application Note 1 to the statement, the Commission set forth four circumstances (in subdivisions (A) through (D)) under which "extraordinary and compelling reasons" may exist. *See id*. applic. note 1. In this case, the court looks to subdivision (D), known as the "catchall" provision, which provides as follows:

> **(D) Other Reasons**. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*See id*. Subdivision (D) thus provides that circumstances other than those listed in subdivisions (A) through (C) may be sufficient to warrant relief, as determined by the Bureau of Prisons (BOP). The BOP has made no such determination in this case. Nevertheless, as this court has previously determined, in accordance with the weight of authority, the court is not limited to circumstances (A) through (C), and it may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute. *See Jackson*, 2020 WL 2812764, at *3.

Mr. Castillo argues that extraordinary and compelling reasons for immediate release from prison exist because his medical condition (obesity) creates an increased risk of serious harm or death from the ongoing coronavirus pandemic. As the government highlights, Mr. Castillo's initial motion contained no evidence that Mr. Castillo is obese and the record in the case, including the PSR, suggested otherwise. Nonetheless, in his reply brief, Mr. Castillo avers that he is 5'5" with a current weight of 210 pounds, resulting

in a BMI of 34.9. The court concludes, then, that Mr. Castillo's obesity places him at a higher risk with respect to COVID-19. The CDC lists obesity as a condition that increases the risk of severe illness from COVID-19. *See* CDC, *Coronavirus Disease 2019 (COVID-19): People of Any Age with Underlying Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed December 2, 2020). And in its most recent guidance, the CDC noted that "strong and consistent" evidence from medical studies have shown that obesity is in a category of conditions that present the greatest risk of serious illness from COVID-19. *See* CDC, *Evidence Used to Update the List of Underlying Medical Conditions that Increase a Person's Risk of Severe Illness from COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last accessed December 2, 2020). In short, Mr. Castillo's medical condition constitutes an extraordinary and compelling reason sufficient for this court to consider early release under the statute.

The government also opposes the motion on the grounds that the § 3553(a) factors weigh against early release in light of the nature and seriousness of Mr. Castillo's offenses and the need to provide just punishment for those offenses. On this point, the court agrees with the government and, for the reasons set forth below, concludes that the risk to Mr. Castillo's health if he remains in custody is outweighed by the need for continued

4

incarceration under the circumstances presented here.[1]  In other words, the court finds that compassionate release would materially depart from an appropriate § 3553(a) sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring the consideration of applicable § 3553(a) factors if court finds that extraordinary and compelling reasons warrant reduction).  The § 3553(a) factors include (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. § 3553(a)(1)–(6)).

Applying those factors here, the court declines to reduce Mr. Castillo's sentence. Mr. Castillo played a leadership role in a vast drug conspiracy distributing large quantities of controlled dangerous substances.  Moreover, Mr. Castillo was on probation for a felony drug offense during the course of the conspiracy.  Such conduct reflects a disrespect for the law and an inability to comply with conditions of probation.   Finally, the court notes that Mr. Castillo agreed, via his Rule 11(c)(1)(C) plea agreement, that his original sentence of 210 months imprisonment was appropriate.  That sentence represented a downward variance from the range that he faced under the Sentencing Guidelines.  In light of these circumstances, the court cannot conclude that Mr. Castillo is a proper candidate for

---

[1] Because the court denies Mr. Castillo's motion based on the § 3553(a) factors, it has not provided the government with an opportunity to address the new evidence raised in Mr. Castillo's reply brief.

compassionate release and to reduce Mr. Castillo's sentence would not properly reflect the seriousness of the offense or afford adequate deterrence to criminal conduct. In short, the court finds that Mr. Castillo's sentence remains sufficient but not greater than necessary to serve the purposes of sentencing. *United States v. Windley*, 2020 WL 6938336, at *3 (D.N.J. Nov. 25, 2020) (denying motion for compassionate release based on § 3553(a) factors in part because Rule 11(c)(1)(C) plea agreement represented downward variance); *United States v. Davila*, 2020 WL 6499562, at *3 (D. Conn. Nov. 5, 2020) (denying motion for compassionate release despite increased vulnerability to COVID-19 where defendant had substantial criminal history, demonstrated recidivism and committed offenses while on probation); *United States v. Sanders*, 2020 WL 6460224, at *9 (M.D. Tenn. Nov. 3, 2020) (denying motion for compassionate release based on § 3553(a) factors in part because defendant agreed through Rule 11(c)(1)(C) plea agreement that his sentence was appropriate); *United States v. McCoy*, 2020 WL 6118825, at *3 (E.D. Cal. Oct. 16, 2020) (denying motion for compassionate release where defendant's criminal history was "replete with revocations of parole and violations of her probation" demonstrating a "utter" disregard of court orders and a lack of respect for the rule of law); *United States v. Wilson*, 2020 WL 4901714, at *6 (W.D. Wash. Aug. 20, 2020) (even if defendant had established extraordinary and compelling reasons to render him eligible for a reduction, court would deny the motion based on § 3553(a) factors—defendant was involved in large drug conspiracy and was personally involved in the distribution of kilogram quantities of cocaine).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release (doc. #326) is hereby **denied**.

**IT IS SO ORDERED.**

Dated this 3rd day of December, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge
